PUTNEY, TWOMBLY, HALL & HIRSON LLP

ESTABLISHED 1866

COUNSELORS AT LAW

521 FIFTH AVENUE

NEW YORK, NEW YORK 10175

(212) 682-0020

TELEFAX: (212) 682-9380

PUTNEYLAW.COM

DANIEL F. MURPHY, JR.
MICHAEL T. McGRATH
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
THOMAS M. LAMBERTI
STEPHEN J. MACRI
HARVEY I. SCHNEIDER
MARY ELLEN DONNELLY
JOSEPH B. CARTAFALSA
GEOFFREY H. WARD
ANDREA HYDE
E. PARKER NEAVE
MARK A. HERNANDEZ
JAMES M. STRAUSS
PHILIP H. KALBAN
SEAN H. CLOSE
LANSING R. PALMER
JEROME P. COLEMAN
BARBARA M. MAISTO
CARYN B. KEPPLER

740 BROAD STREET, SUITE 2
SHREWSBURY, NEW JERSEY 07702
(732) 379-6020
(732) 345-9444

1205 FRANKLIN AVENUE
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

2000 GLADES ROAD
SUITE 300
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100

COUNSEL
CHARLES J. GROPPE
ALEXANDER NEAVE
DUSTAN T. SMITH

March 28, 2013

<u>Via ECF</u>
Hon. Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Wolman *et al.* v. Catholic Health System of Long Island, Inc., *et al.* E.D.N.Y., 10 cv-1326 (JS)(ETB)

Dear Judge Seybert:

    As Your Honor is aware, we represent the Defendants in the above-referenced matter. We write in connection with the Court of Appeals' Decision dated March 1, 2013, which affirmed in part and vacated and remanded in part the orders of this Court dismissing Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the New York Labor Law ("NYLL"). Lundy v. Catholic Health Sys. of Long Island Inc., 2013 WL 765117, *1 (2d Cir. Mar. 1, 2013). Specifically, the Court affirmed the dismissal of the FLSA, RICO and NYLL claims for failure to state a claim. Id. at *6, 8, 10. However, the Court vacated the part of the judgment that dismissed the NYLL gap-time claims with prejudice and remanded that aspect of the judgment for further consideration by the District Court "because New York law may recognize Plaintiffs' NYLL gap-time claims…" Id. at *9.

    Defendants respectfully submit that this Court properly dismissed all FLSA and NYLL claims with prejudice against all Defendants with the exception of Good Samaritan, based on the failure to plead the existence of an employer-employee relationship. However, as the Court's

Hon. Joanna Seybert
March 28, 2013
Page 2

Order dismissing the Fourth Amended Complaint ("FAC") (Docket No. 215) was ambiguous as to whether the NYLL claims, in particular, were dismissed with or without prejudice, on March 6, 2012, Defendants moved for partial reconsideration seeking clarification of that Order, pointing out this Court's statement that the failure to plead an employment relationship, which was the basis for the dismissal of the FLSA claims, applied equally to the NYLL claims. (Docket No. 216, 217). On March 12, 2012, the Court granted the motion for reconsideration. The Court clarified that it dismissed with prejudice all FLSA and NYLL claims – including gap-time claims – against all Defendants other than Good Samaritan. The New York State common law claims were dismissed without prejudice. (See Docket No. 218).

Accordingly, Defendants respectfully request that the Court issue an order clarifying that the gap-time claims under the NYLL were dismissed without prejudice as against Good Samaritan only and with prejudice as to all other defendants consistent with the above referenced reasoning.

Respectfully submitted,

/s/

James E. McGrath, III

cc: Hon. E. Thomas Boyle
Michael Lingle, Esq.