```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
PATRICIA WOLMAN, KELLY IWASIUK, and
DENNIS LUNDY, on behalf of themselves
and all other employees similarly
situated,

                        Plaintiffs,

        -against-                          MEMORANDUM & ORDER
                                           10-CV-1326(JS)(ETB)
CATHOLIC HEALTH SYSTEM OF LONG ISLAND,
INC. d/b/a CATHOLIC HEALTH SERVICES
OF LONG ISLAND, GOOD SAMARITAN HOSPITAL
MEDICAL CENTER, MERCY MEDICAL CENTER,
NEW ISLAND HOSPITAL a/k/a ST. JOSEPH
HOSPITAL, ST. CATHERINE OF SIENA MEDICAL
CENTER, ST. CHARLES HOSPITAL AND
REHABILITATION CENTER, ST. FRANCIS
HOSPITAL, ROSLYN, NEW YORK, OUR LADY OF
CONSOLATION GERIATRIC CARE CENTER,
NURSING SISTERS HOME CARE d/b/a CATHOLIC
HOME CARE, and JAMES HARDEN,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:         James Nelson Thomas, Esq.
                        Jessica Lynne Witenko, Esq.
                        Michael J. Lingle, Esq.
                        Peter John Glennon, Esq.
                        Justin Michael Cordello, Esq.
                        Thomas & Solomon LLP
                        693 East Avenue
                        Rochester, NY 14607

For Defendants:         James E. McGrath, III, Esq.
                        Adriana Stefanie Kosovych, Esq.
                        Daniel F. Murphy, Esq.
                        Mark A. Hernandez, Esq.
                        Mary Ellen Donnelly, Esq.
                        Randi Brooke Feldheim, Esq.
                        Putnam, Twombly, Hall & Hirson LLP
                        521 Fifth Avenue, 10th Floor
                        New York, NY 10175
```

                    Joseph A. Carello, Esq.
                    Stephen Jones, Esq.
                    Todd R. Shinaman, Esq.
                    Nixon Peabody LLP
                    1300 Clinton Square
                    Rochester, NY 14604

SEYBERT, District Judge:

Presently before the Court is the mandate of the Second Circuit affirming in part and vacating and remanding in part this Court's prior orders dismissing Plaintiffs' Second and Fourth Amended Complaints. This Order is in response to the Circuit's mandate.

## BACKGROUND

Plaintiffs Patricia Wolman ("Wolman"), Kelly Iwasiuk ("Iwasiuk"), and Dennis Lundy ("Lundy," collectively "Plaintiffs"), commenced this putative class action against Defendants[1] asserting claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., for unpaid overtime and gap time under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the New York

---

[1] Catholic Health System of Long Island, Inc. d/b/a Catholic Health Services of Long Island ("CHS"), Good Samaritan Hospital Medical Center ("Good Samaritan"), Mercy Medical Center, New Island Hospital a/k/a St. Joseph Hospital, St. Catherine of Siena Medical Center, St. Charles Hospital and Rehabilitation Center, St. Francis Hospital, Roslyn, New York, Our Lady of Consolation Geriatric Care Center, Nursing Sisters Home Care d/b/a Catholic Home Care, and James Harden ("Harden," collectively "Defendants").

Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., and for relief under New York common law.

On December 30, 2010, the Court dismissed Plaintiffs' Second Amended Complaint. (Docket Entry 164.) Plaintiffs' RICO claims and FLSA gap-time claims were dismissed with prejudice, Plaintiffs' FLSA overtime claims were dismissed with leave to replead, and the Court declined to extend supplemental jurisdiction over Plaintiffs' state law claims. Wolman v. Catholic Health Sys. of Long Island, Inc., No. 10-CV-1326, 2010 WL 5491182 (E.D.N.Y. Dec. 30, 2010).

On February 16, 2012, the Court dismissed Plaintiffs' Fourth Amended Complaint. Wolman v. Cath. Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290 (E.D.N.Y. 2012). The Court dismissed all of Plaintiffs' FLSA and NYLL claims--both overtime and gap time--against Defendants CHS, Mercy Medical Center, New Island Hospital a/k/a St. Joseph Hospital, St. Catherine of Siena Medical Center, St. Charles Hospital and Rehabilitation Center, St. Francis Hospital, Our Lady of Consolation Geriatric Care Center, Nursing Sisters Home Care d/b/a Catholic Home Care, and James Harden with prejudice because the Fourth Amended Complaint failed to adequately plead an employer-employee relationship, as required under both the FLSA and the NYLL. Wolman, 853 F. Supp. 2d at 296 n.4, 297-301. The Court also dismissed Plaintiffs' FLSA and NYLL overtime claims against the

3

remaining Defendant, Good Samaritan, for failing to adequately plead that Plaintiffs' were denied overtime compensation. Id. at 304-05. The overtime claims of Plaintiffs Wolman and Iwasiuk were dismissed with leave to replead, and the overtime claims of Plaintiff Lundy were dismissed with prejudice. Id. The Court declined to extend supplemental jurisdiction over Plaintiffs' NYLL gap-time claims against Good Samaritan and their common law claims against all Defendants. Id. at 302 n.9, 305.

Although Plaintiffs Wolman and Iwasiuk were granted leave to replead their FLSA overtime claims, their NYLL claims, and their common law claims against Good Samaritan, they instead filed a Notice of Appeal. (Docket Entry 219.) The Second Circuit affirmed this Court's dismissal of Plaintiffs' FLSA claims, their NYLL overtime claims, and their RICO claims. The Circuit vacated this Court's dismissal of Plaintiffs' NYLL gap-time claims with prejudice and remanded for further consideration, stating that "because New York law may recognize Plaintiffs' NYLL gap-time claims, the district court erred in dismissing them with prejudice based solely on its dismissal of Plaintiffs' FLSA claims." Lundy v. Catholic Health Sys. of Long Island Inc., --- F.3d ----, 2013 WL 765779, at *9 (2d Cir. 2013).

DISCUSSION

Prior to addressing the Circuit's mandate, the Court must clarify one thing. The Court only dismissed the NYLL gap-time claims against Defendants CHS, Mercy Medical Center, New Island Hospital a/k/a St. Joseph Hospital, St. Catherine of Siena Medical Center, St. Charles Hospital and Rehabilitation Center, St. Francis Hospital, Our Lady of Consolation Geriatric Care Center, Nursing Sisters Home Care d/b/a Catholic Home Care, and James Harden <u>with prejudice</u>. Plaintiffs' gap-time claims against Defendant Good Samaritan were dismissed <u>without prejudice</u>. Thus, the Circuit's remand relates solely to the gap-time claims against Defendants CHS, Mercy Medical Center, New Island Hospital a/k/a St. Joseph Hospital, St. Catherine of Siena Medical Center, St. Charles Hospital and Rehabilitation Center, St. Francis Hospital, Our Lady of Consolation Geriatric Care Center, Nursing Sisters Home Care d/b/a Catholic Home Care, and James Harden.

Notwithstanding the Circuit's mandate, the Court again DISMISSES WITH PREJUDICE Plaintiff's NYLL gap-time claims against Defendants CHS, Mercy Medical Center, New Island Hospital a/k/a St. Joseph Hospital, St. Catherine of Siena Medical Center, St. Charles Hospital and Rehabilitation Center, St. Francis Hospital, Our Lady of Consolation Geriatric Care Center, Nursing Sisters Home Care d/b/a Catholic Home Care, and

James Harden. The NYLL, like the FLSA, only applies to "employers" as defined by those statutes, see NYLL § 191, and "[t]he standards by which a court determines whether an entity is an 'employer' under the FLSA also govern that determination under the New York labor law," Hart v. Rick's Cabaret Int'l Inc., No. 09-CV-3043, 2010 WL 5297221, at *2 (S.D.N.Y. Dec. 20, 2010) (citing Ansoumana v. Gristede's Operating Co., 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003)). Accordingly, as the Court found that Plaintiffs had failed (repeatedly) to adequately plead that Defendants CHS, Mercy Medical Center, New Island Hospital a/k/a St. Joseph Hospital, St. Catherine of Siena Medical Center, St. Charles Hospital and Rehabilitation Center, St. Francis Hospital, Our Lady of Consolation Geriatric Care Center, Nursing Sisters Home Care d/b/a Catholic Home Care, and James Harden were their "employers" as defined by both the FLSA and NYLL, dismissal on the merits of all FLSA and NYLL claims--both overtime and gap-time--against those defendants was warranted. Further, as the Court had already given Plaintiffs three attempts to correct this pleading deficiency, its determination that leave to file a Fifth Amended Complaint against those defendants would be futile was also warranted. See Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (recognizing that "repeated failure to cure deficiencies by
6

amendments previously allowed" is grounds to deny a party leave to amend (internal quotation marks and citation omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiffs' NYLL gap-time claims against Defendants CHS, Mercy Medical Center, New Island Hospital a/k/a St. Joseph Hospital, St. Catherine of Siena Medical Center, St. Charles Hospital and Rehabilitation Center, St. Francis Hospital, Our Lady of Consolation Geriatric Care Center, Nursing Sisters Home Care d/b/a Catholic Home Care, and James Harden are again DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to terminate the letter motion at Docket Entry 222 as MOOT and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March __29__, 2013
         Central Islip, NY