UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA WOLMAN, KELLY IWASIUK, and DENNIS LUNDY, *on behalf of themselves and all other employees similarly situated,*<br><br>                              Plaintiffs,<br><br>-against-<br><br>CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., d/b/a CATHOLIC HEALTH SERVICES OF LONG ISLAND, GOOD SAMARITAN HOSPITAL MEDICAL CENTER, MERCY MEDICAL CENTER, NEW ISLAND HOSPITAL a/k/a ST. JOSEPH HOSPITAL, ST. CATHERINE OF SIENA MEDICAL CENTER, ST. CHARLES HOSPITAL AND REHABILITATION CENTER, ST. FRANCIS HOSPITAL, ROSLYN, NEW YORK, OUR LADY OF CONSOLATION GERIATRIC CARE CENTER, NURSING SISTERS HOME CARE d/b/a CATHOLIC HOME CARE, and JAMES HARDEN,<br><br>                              Defendants. | 10 CV 1326 (JS) (ETB) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO AMEND JUDGMENT</u>**

                                                            **PUTNEY, TWOMBLY, HALL & HIRSON LLP**
                                                            521 Fifth Avenue
                                                            New York, New York 10175
                                                            (212) 682-0020

                                                            **NIXON PEABODY LLP**
                                                            1300 Clinton Square
                                                            Rochester, NY 14604-1792
                                                            (585) 263-1000

                                                            *Attorneys for Defendants*

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Defendants in support of their motion to amend the Judgment entered on March 29, 2013 (Docket No. 225). Pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e), 60(a) and/or 60(b) and Local Rule 6.3, Defendants respectfully request the Court to amend the Judgment in order to conform it to the following orders issued by the Court over the course of this litigation. Defendants are forced to make this request because the Judgment entered by the Clerk of the Court does not accurately reflect the Court's orders, including its most recent order closing the case. (Docket No. 224).[1]

Specifically, Defendants seek clarification and amendment of the Judgment to reflect that: (1) pursuant to the 2/16/12 Order, Plaintiffs' Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") overtime claims were dismissed with prejudice against all Defendants other than Good Samaritan Hospital, Plaintiffs' FLSA gap-time claims and plaintiff Lundy's FLSA and NYLL claims were dismissed with prejudice against all Defendants; (2) pursuant to the 2/16/12 Order, plaintiffs Wolman and Iwasiuk could file a Fifth Amended Complaint against Good Samaritan Hospital within thirty (30) days; and (3) as plaintiffs Wolman and Iwasiuk failed to file a Fifth Amended Complaint against Good Samaritan Hospital within thirty (30) days, all of Plaintiffs' FLSA and NYLL claims against all Defendants are now dismissed with prejudice.

The amendments Defendants seek do not alter the substantive rights of any party. Rather, the proposed amendments simply correct clerical errors to bring the Judgment in line with the

---

[1] The orders referenced herein include: the February 16, 2012 Memorandum Decision and Order, which granted Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint (the "2/16/12 Order") (Docket No. 215); the Court's March 12, 2012 Memorandum and Order, which granted Defendants' motion for partial reconsideration (the "3/12/12 Order") (Docket No. 218); and the Court's March 29, 2013 Memorandum and Order, which responded to the Second Circuit Court of Appeals' mandate (the "3/29/13 Order") (Docket No. 224) (collectively, the "Prior Orders").

Court's Orders issued over the prior three years. As the Court indicated upon remand, the only issued that remained was whether the non-overtime, state law claims had been dismissed with prejudice for the three named Plaintiffs as against defendant Good Samaritan Hospital. All other claims were dismissed with prejudice. Accordingly, and as further explained below, Defendants respectfully request the Court to direct the Clerk to amend and reissue the Judgment.[2]

## ARGUMENT

### POINT I

### DEFENDANTS' MOTION IS PROPER AND SHOULD BE GRANTED PURSUANT TO FED. R. CIV. P. 60(a) TO CLARIFY AND CONFORM THE JUDGMENT TO THE COURT'S ORDERS

Defendants make this motion to ensure that the Judgment accurately reflects the Court's intent and the parties' expectations with respect to the Court's prior decisions and orders. Such motion falls squarely within the scope of Fed. R. Civ. P. 60(a).

Federal Rule of Civil Procedure 60(a) provides, in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a). A motion under Rule 60(a) is appropriate "where the judgment has failed accurately to reflect the actual decision of the decision maker." Robert Lewis Rosen Assocs., Ltd. v. Webb, 473 F.3d 498, 504-05 (2d Cir. 2007) (quoting In Frigitemp Corp., 781 324, 327 (2d Cir. 1986)); Fortune v. Group Long Term Disability Plan, 2010 WL 3393758, at *5 (2d Cir. Slip Op. 2010) ("To be correctable under Rule 60(a), the ... judgment must fail to reflect the actual intention of the court."). Furthermore,

---

[2] For the Court's convenience, Defendants have prepared a Proposed Amended Judgment that incorporates the amendments sought herein. The Proposed Amended Judgment is attached to the Declaration of James E. McGrath, III in both clean (Ex. A) and redlined (Ex. B) forms.

the law is well-settled that motions pursuant to this rule are not limited to the correction of purely clerical mistakes. Rather, a motion under Rule 60(a) may be used to correct any error "arising from oversight or omission" in the judgment, including "inadvertent errors when correction is necessary … to conform the order to the contemporaneous intent of the court." Robert Lewis Rosen Assocs., Ltd. v. Webb, 473 F.3d 498, 504-05, 505 n.11 (2d Cir. 2007) (citations and quotations omitted). See also Agro Dutch Indus. Ltd. v. United States, 589 F.3d 1187, 1192 (Fed. Cir. 2009) (citing Robert Lewis Rosen Assocs., 473 F.3d at 504-05 & n. 11) ("Courts enjoy broad discretion to correct clerical errors in previously issued orders in order to conform the record to the intentions of the court and the parties."). Rule 60(a) relief is thus proper where, as here, the amendments sought do not deviate from the Court's original intent as set forth in the Prior Orders.[3]

## POINT II

### THE COURT SHOULD GRANT DEFENDANTS' REQUEST TO AMEND THE JUDGMENT TO CONFORM IT TO THE COURT'S PRIOR ORDERS

The 2/16/12 Order unequivocally: (1) dismissed with prejudice Plaintiffs' FLSA claims as against all Defendants except Good Samaritan (2/16/12 Order at pp. 15, 18, 34 fn.14); (2)

---

[3] Defendants' motion could also be construed as a motion for relief from the Judgment under Fed. R. Civ. P. 60(b)(1) and (6). Alternatively, Defendants move under Fed. R. Civ. P. 59(e) to alter or amend the judgment. Although Rule 59(e) does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment, courts regularly recognize four grounds on which a Rule 59(e) motion may be granted: (1) where the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party to present newly discovered evidence or previously unavailable evidence; (3) if it is necessary to prevent manifest injustice; and (4) where it is justified by an intervening change in controlling law. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1 (1995); see also Munafo v. Metropolitan Transp. Authority, 381 F.3d 99, 105 (2d Cir. 2004). A decision to grant a Rule 59(e) motion is within the discretion of the district court. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Defendants respectfully submit that modification of the Judgment as set forth herein is necessary to prevent manifest injustice to Defendants. Given the fact that Plaintiffs' counsel has already filed five (5) different complaints in this action alone, against dozens of entities, "without penalty [or] consideration of the financial burdens imposed on the defendants or the waste of judicial resources," (Sampson v. Medisys Health Network, Inc., 10-CV-1342, Docket No. 154 at pp. 33-34 (E.D.N.Y. Feb. 9, 2012) (Lindsay, M.J.)), Defendants respectfully request that the Court make clear that all FLSA claims and NYLL overtime claims against all entities and individuals are now dismissed with prejudice.

3

confirmed its prior dismissal with prejudice Plaintiffs' FLSA gap-time claims as against all Defendants (2/16/12 Order at p. 24 fn.9); and (3) dismissed with prejudice plaintiff Lundy's FLSA and NYLL claims against all Defendants (2/16/12 Order at 36). However, as the 2/16/12 Order was ambiguous as to whether the NYLL claims were dismissed with or without prejudice, on March 6, 2012, Defendants moved for partial reconsideration seeking clarification of the 2/16/12 Order. On March 12, 2012, the Court granted the motion for reconsideration and clarified that all claims against all Defendants, with the exception of Good Samaritan, were dismissed. The FLSA and NYLL overtime claims against these Defendants were dismissed with prejudice, and the New York State common law claims were dismissed without prejudice. (3/12/12 Order at p. 2).

Yet, the Judgment directly contradicts certain portions of the Court's 2/16/12 and 3/12/12 Orders. In the first paragraph, the Judgment fails to reflect the dismissal with prejudice of the NYLL overtime claims against all Defendants other than Good Samaritan and omits any reference to the Court's dismissal with prejudice of Plaintiffs FLSA gap-time claims against all Defendants. Moreover, the Judgment states that plaintiff Lundy's FLSA claim and NYLL claim were dismissed *without* prejudice, despite the clear holding that his claims were dismissed *with* prejudice against all Defendants. These omissions and errors fail to reflect the Court's intentions as set forth in the 2/16/12 and 3/12/12 Orders. Therefore, the Court should direct the Clerk to amend the Judgment accordingly. (See Proposed Amended Judgment, McGrath Decl. Exs. A, B).

4

## POINT III

### THE COURT SHOULD GRANT DEFENDANTS' REQUEST TO AMEND THE JUDGMENT TO REFLECT THAT PLAINTIFFS' FLSA AND NYLL CLAIMS AGAINST ALL DEFENDANTS ARE DISMISSED WITH PREJUDICE

The Judgment also fails to accurately reflect that all of Plaintiffs' FLSA and NYLL claims against all Defendants are now dismissed with prejudice. In the 2/16/12 Order, the Court granted plaintiffs Wolman and Iwasiuk leave to file a Fifth Amended Complaint against defendant Good Samaritan within thirty (30) days (*i.e.*, on or before March 17, 2012). (2/16/12 Order at p. 36). The deadline to file any Fifth Amended Complaint has passed. However, the Judgment fails to reflect that *all* of Plaintiffs' FLSA and NYLL claims against *all* Defendants are now dismissed with prejudice because plaintiffs Wolman and Iwasiuk chose not to file a Fifth Amended Complaint against Good Samaritan. Defendants respectfully submit that the Judgment should be modified to incorporate this fact.

### CONCLUSION

For the reasons discussed above, Defendants respectfully submit that the Court should grant their motion to amend the Judgment in its entirety.

Dated:  New York, New York  
       April 11, 2013

Respectfully submitted,

By: _____/s/_____  
James E. McGrath, III  
PUTNEY, TWOMBLY, HALL & HIRSON LLP  
521 Fifth Avenue  
New York, New York 10175  
(212) 682-0020

5

                                          Stephen J. Jones
                                          Todd R. Shinaman
                                          NIXON PEABODY LLP
                                          1300 Clinton Square
                                          Rochester, NY 14604-1792
                                          (585) 263-1000

                                          *Attorneys for Defendants*

Of Counsel:
        Daniel F. Murphy, Jr.
        Michael T. McGrath
        Mary Ellen Donnelly
        Mark A. Hernandez
        Randi B. Feldheim
        Adriana S. Kosovych
        Joseph A. Carello